THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* SNYDER, APPELLANT.

---

(Nos. 87AP010003 and 87AP010010 — Decided August 27, 1987.)

James Range, prosecuting attorney, for appellee.

James S. Patrick Co., L.P.A., and David Worth, for appellant Richard Johnson.

Joseph I. Tripodi Co., L.P.A., and Joseph I. Tripodi, for appellant Gerald Snyder.

WISE, J. This opinion addresses two appeals from criminal convictions arising in the New Philadelphia Municipal Court. Defendants-appellants, Richard Johnson and Gerald Snyder ("appellants"), both appeal from their convictions for public indecency, under R.C. 2907.09(A)(2).

Appellant Johnson argues the following two assignments of error:

"Assignment of Error No. I

"The trial court erred in failing to grant the motions for suppression; the actions of the arresting officer in opening the door of the toilet involved a search of a protected area of privacy and, since [they were] done without probable cause resulted in an unconstitutional search; the observations of the officer and fruits thereof should have been suppressed.

"Assignment of Error No. II

"The state of Ohio failed to prove each and every element of the offense of public indecency beyond a reasonable doubt; the state failed to prove that appellant recklessly engaged in conduct under circumstances in which such conduct was likely to be viewed by and affront others."

Appellant Snyder also raises two assignments of error:

"Assignment of Error No. I

"The trial court committed prejudicial error in failing to suppress all visual observations and written statements obtained from appellant, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 14 of the Ohio Constitution.

"Assignment of Error No. II

"The trial court erred in failing to acquit and/or dismiss the complaint against appellant in that O.R.C. 2907.09 was not violated by the conduct of appellant."

Appellants were charged with public indecency and loitering on April 28, 1986. Ohio State Highway Patrol Trooper John Lumpcik arrested appellants at the Beach City rest area located between Strausburg and Beach City on U.S. Route 250. Trooper Lumpcik and Trooper Rick Wells were on routine patrol when they stopped to check the rest area. The troopers did so as a result of a local State Highway Patrol policy which was set in response to prior unspecified complaints of homosexual activity at the rest area. Upon pulling into the rest area, Trooper Lumpcik noticed two unoccupied vehicles parked there. Lumpcik left the patrol car to inspect the two outhouse-type toilet facilities designed for males. Upon entering the first facility, he opened the door to the pit toilet stall and observed the appellants engaging in the act of fellatio.

As stated above, Trooper Lumpcik charged appellants with public indecency and loitering. The loitering charges (pursuant to R.C. 5503.07, 5515.07, and 5515.99, and Ohio Adm. Code 5501:2-4-01[L]) were dismissed by the trial court in that the statutes and regulation were found to be overbroad and vague. Appellants pled not guilty to public indecency, and follow-

ing the denial of their motions to suppress, were convicted by the trial court.

## A

Both appellants in their first assignment of error contend that the trial court should have suppressed the fruits of Trooper Lumpcik's search of the toilet stall on the grounds that the search was in violation of appellants' constitutional rights under the Fourth Amendment to the United States Constitution. Appellants rely upon *Katz* v. *United States* (1967), 389 U.S. 347.

We must determine whether the Fourth Amendment prohibition against unreasonable searches and seizures applies herein. Trooper Lumpcik had no warrant to search the toilet, nor did he have probable cause to believe that criminal activity was occurring at that time.

"[T]he application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith* v. *Maryland* (1979), 442 U.S. 735, 740. The United States Supreme Court has subsequently adopted the test of justifiable expectation of privacy set forth in Justice Harlan's concurrence in *Katz, supra.* See *Smith, supra; Hudson* v. *Palmer* (1984), 468 U.S. 517, 525.

The *Katz* analysis embraces two discrete questions. The first is whether the individual, by his conduct, has exhibited an actual, subjective expectation of privacy. *Katz, supra,* at 361 (Harlan, J., concurring). In the words of the *Katz* majority, the individual must show that he "seeks to preserve [something] as private." *Id.* at 351. The second question is whether the individual's subjective expectation of privacy is one that society is prepared to recognize as "reasonable," or is

"'justifiable' under the circumstances." *Smith* v. *Maryland, supra.*

Following *Katz,* the Supreme Court has emphasized the second of these two requirements:

"As JUSTICE WHITE said, writing for the plurality in *United States* v. *White,* 401 U.S. 745 (1971): 'Our problem is not what the privacy expectations of particular defendants in particular situations may be * * *. Our problem, in terms of the principles announced in *Katz,* is what expectations of privacy are constitutionally "justifiable"....' *Id.,* at 751-752. In the same case, even Justice Harlan stressed the controlling importance of the second of these two requirements: 'The analysis must, in my view, transcend the search for subjective expectations.... [W]e should not, as judges, merely recite the expectations and risks without examining the desirability of saddling them upon society.' *United States* v. *White, supra,* at 768, 786 (dissenting opinion)." *Hudson* v. *Palmer, supra,* at 525, fn. 7.

In the case at bar, the appellants manifested a subjective expectation of privacy in the toilet stall. However, we must decide whether the appellants' expectation of privacy is the kind of expectation "that society is prepared to recognize as 'reasonable.'" *Katz, supra,* at 361 (Harlan, J., concurring).

The appellants engaged in a homosexual act in a pit toilet stall in a public rest area. The facility is very primitive, nothing more than a public outhouse. The stall appellants were occupying had no lock on the door.

Even though the trooper's intrusion was offensive, we do not think that society is prepared to recognize as reasonable an expectation of privacy of people engaging in sexual acts in a public outhouse with no lock on the door.

Therefore, we find that the Fourth Amendment prohibition against

unreasonable searches and seizures does not apply in the case at bar so as to require exclusion of the fruits of Trooper Lumpcik's "search."

Accordingly, we overrule both of appellants' first assignments of error.

### B

The second issue that we must confront is whether the appellants' conduct violated the public indecency statute they were charged under. The appellants maintain that the state failed to prove all the elements of R.C. 2907.09(A)(2). R.C. 2907.09(A)(2) provides:

"(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:

"* * *

"(2) Engage in sexual conduct[.]"

At first glance, the conduct in the case at bar would not seem to violate a "public indecency" statute. However, the language of the statute does not mention "public" conduct. It prohibits recklessly engaging in sexual conduct where such conduct is likely to be viewed by and affront others.

It is not disputed that the appellants were engaging in sexual conduct in the case at bar. It is not disputed that they were doing so in a pit toilet stall in a public rest area with no lock on the stall door. The question to be determined is whether appellants were reckless in so doing and whether the toilet stall was a place where their conduct was likely to be viewed by and affront others. Due to the public, primitive, and relatively open nature of the pit toilet stall, we find that the state has shown sufficient requisite recklessness and also has shown the likelihood of appellants' being viewed by and affronting others.

The case at bar is clearly distinguishable from *State* v. *Goldsmith* (June 30, 1983), Clermont App. No. CA83-01-002, unreported. In *Goldsmith,* the defendant's objectionable conduct occurred two hundred fifty yards from the rest area in a secluded spot surrounded by bushes. The two people present voiced no objection to his objectionable activity, and tacitly encouraged it. This is much different from engaging in sexual conduct in an unlocked public outhouse in a rest area near a major highway.

The sexual conduct appellants were engaging in is not of itself criminal (between consenting adults) in Ohio. Had appellants been engaging in such conduct in a motel room or other place where it was not likely to be viewed by and affront others, no violation of R.C. 2907.09(A)(2) would exist. But the facts in the case at bar were sufficient to allow the trier of fact to find all the elements of R.C. 2907.09(A)(2) beyond a reasonable doubt. See *State* v. *Martin* (1986), 21 Ohio St. 3d 91, 95, 21 OBR 386, 389, 488 N.E. 2d 166, 169; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 277 N.E. 2d 586, at paragraph two of the syllabus.

Accordingly, we overrule appellants' second assignments of error and affirm the judgment of the New Philadelphia Municipal Court.

*Judgment affirmed.*

PUTMAN, P.J., and HOFFMAN, J., concur.