[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The state's evidence, when viewed in a light most favorable to the prosecution, could convince a reasonable trier of fact beyond a reasonable doubt that appellant, under circumstances in which his conduct was likely to be viewed by and affront others who were not members of his household, recklessly exposed his private parts and engaged in masturbation. Therefore, the evidence was sufficient to support appellant's conviction for public indecency pursuant to R.C. 2907.09(A)(1). State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The number of people who actually viewed appellant's conduct is irrelevant. It occurred in a public park where anyone could have entered the parking area where appellant's car was located, seen what appellant was doing and, reasonably have been affronted by it. See State v. Johnson (1987), 42 Ohio App.3d 81,536 N.E.2d 648; Columbus v. Abdalla (Apr. 30, 1998), Franklin App. No. 97APC08-973, unreported; Cleveland v. Houston (July 21, 1994), Cuyahoga App. No. 65897, unreported. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Shannon, JJ.
Judge Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.