DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Mark Jonathon Jones, appeals his conviction for felonious assault. We affirm his conviction and sentence.
 {¶ 2} An indictment was filed on September 2, 2004, charging Defendant with one count of felonious assault, in violation of R.C. 2903.11(A)(1); a second degree felony. The case proceeded to a trial by jury. The jury returned their verdict on February 18, 2005, finding Defendant guilty. Defendant thereafter was sentenced to a total of four years and nine months in prison.
 {¶ 3} Defendant now appeals, asserting five assignments of error for our review. To facilitate ease of discussion, some of the assignments of error will be considered together and out of order.
 ASSIGNMENT OF ERROR II
"The trial court erred and abused its discretion in permitting the admission of Exhibit No. 3, the videotape."
 {¶ 4} In his second assignment of error, Defendant claims that the trial court abused its discretion in admitting into evidence a videotape of the assault. We disagree.
 {¶ 5} The uncontested facts reveal the following: during the early morning hours of July 31, 2004, Defendant and his girlfriend (Prestina Sims) went to DaVinci's Pizza in downtown Akron. Sims went inside the store while Defendant waited outside. Inside the pizza shop, Sims got into an argument with the victim, Joseph Scarpino. Sims went outside and got Defendant. Defendant saw Scarpino and began punching him. Scarpino was knocked to the floor, he was not moving, and his face was bleeding.
 {¶ 6} DaVinci's Pizza's security camera caught the entirety of the above incident on videotape. The State introduced the videotape of the incident to show the jury what happened at DaVinci's Pizza on the night in question to support the claim of felonious assault (to show that Defendant knowingly caused serious physical harm to Scarpino). Defendant claims that the trial court erred in admitting the videotape, though he does not contest that the videotape is authentic or that it accurately depicts the events in question.
 {¶ 7} Evid.R. 401 defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In general, relevant evidence is admissible and irrelevant evidence is not. Evid.R. 402. A trial court has broad discretion in admitting evidence, and this court will not overturn its decision on appeal absent an abuse of discretion that materially prejudices a defendant. State v. Wade, 9th Dist. No. 02CA0076-M, 2003-Ohio-2351, at ¶ 8, citing State v. Long (1978), 53 Ohio St.2d 91, 98.
 {¶ 8} Not only do we find the videotape to be relevant evidence, but we note that Defendant did not object to the videotape's admission into evidence. As no objections were made below regarding the introduction of the videotape, Defendant waived all but plain error. State v. Frazier
(1995), 73 Ohio St.3d 323, 332. Defendant has not argued that the admission of the videotape constitutes plain error, nor do we find any plain error. Based on the above, we do not find that the trial court abused its discretion in admitting the videotape. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"The trial court's judgment is against the manifest weight of the evidence and is unsupported by the evidence."
 ASSIGNMENT OF ERROR III
"The trial court erred in denying the [Crim.R.] 29 motion for acquittal."
 {¶ 9} In his first and third assignments of error, Defendant maintains that there was insufficient evidence to overcome his motion for acquittal, and that his conviction was against the manifest weight of the evidence. Specifically, Defendant claims that the evidence presented by the State was insufficient to prove beyond a reasonable doubt that Defendant committed felonious assault. We find that Defendant's assertions lack merit.
 {¶ 10} As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000) 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a Defendant challenges both the weight and the sufficiency of the evidence, as Defendant has done in this case, a determination that the conviction is not against the manifest weight of the evidence disposes of the sufficiency challenge as well. State v.Bezak (Feb. 18, 1998), 9th Dist. No. 18533 at 3-4.
 {¶ 11} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 12} Defendant was found guilty of felonious assault, in violation of R.C. 2903.11(A), which provides "[n]o person shall knowingly * * * [c]ause serious physical harm to another [.]" The video in question showed Sims arguing with Scarpino, then shows Sims going outside to get Defendant. Defendant entered the pizza shop and punched Scarpino numerous times. Scarpino was left immobile and bleeding on the floor of the pizza shop. Defendant noticed that he had dropped his cellular phone during the fight and picked up Scarpino's body and flung it out of his way looking for his phone. Having found his phone, Defendant left DaVinci's pizza with Sims. The video clearly shows, close up, and in color, the above events. Not only could the jury see what had happened, but they could hear the verbal exchanges as well. R.C. 2901.01(5)(A) defines "serious physical harm to persons" as, "Any * * * condition of such gravity as would normally require hospitalization[.]"
 {¶ 13} In addition to the video evidence of the assault, numerous witnesses presented live testimony supporting the assertion that Defendant had knowingly caused serious physical harm to Scarpino. The live testimony, along with the videotape evidence, which this Court viewed, cannot leave any doubt that Defendant knowingly punched Scarpino numerous times, leaving him immobile on the floor and bleeding. According to hospital records, Scarpino suffered a fracture of his nasal bone, blood in his left eye, bruising and swelling over the left eye, and a fractured second molar. Therefore, we are unpersuaded by Defendant's argument that Scarpino did not suffer serious physical harm.
 {¶ 14} When determining whether a conviction was against the manifest weight of the evidence, the appellate court decides whether the `"jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v.Williams, 99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 83, quoting State v.Martin (1983), 20 Ohio App.3d 172, paragraph three of the syllabus. This is not such a case. The evidence persuades us that the jury neither lost its way nor created a manifest miscarriage of justice in convicting Defendant of felonious assault.
 {¶ 15} This is one of the few occasions where the entire crime was caught on videotape. Based upon our review of the videotape and the hospital records, we cannot fathom any argument that would require reversal of Defendant's conviction. Factually, this is not a close case; the overwhelming evidence weighs heavily in favor of Defendant's conviction. Defendant's first and third assignments of error are not well taken.
 ASSIGNMENT OF ERROR V
"[Defendant's] conviction must be overturned in that he was not provided with competent trial counsel."
 {¶ 16} In his fifth assignment of error, Defendant urges us to overturn his conviction as he claims he was denied the effective assistance of trial counsel. We disagree.
 {¶ 17} This court employs a two step process in evaluating an ineffective assistance of counsel claim as described in Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. Strickland provides that we first consider whether counsel violated any of the essential duties owed to the defendant, and second, whether prejudice arose from such violations. Id., State v. Calhoun (1999), 86 Ohio St.3d 279, 289. This court need not address both elements in any particular order — if we find there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. See State v. Bradley, 42 Ohio St.3d 136, 143.
 {¶ 18} We find that Defendant has failed to show that prejudice resulted from trial counsel's acts. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215, at 4. Debatable trial strategies do not constitute ineffective assistance of counsel. See State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17-20.
 {¶ 19} Defendant claims that his trial counsel was ineffective for failing to object to the admission of the videotape. As we noted above, Evid.R. 402 provides that relevant evidence is admissible at trial. Evid.R. 401 defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." It cannot be disputed that a videotape which depicts the criminal act in its entirety makes the existence of consequential facts more or less probable than without the video. We found above that the videotape was relevant evidence and the trial court did not err in admitting such evidence.
 {¶ 20} In support of an ineffective assistance of counsel claim, the defendant must show that the deficient performance of counsel prejudiced the defense. Bradley, 42 Ohio St.3d 136, at paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Id., at paragraph three of the syllabus. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland, 466 U.S. at 687.
 {¶ 21} We agree that Defendant's trial counsel did not object to the introduction of the videotape in question. However, we cannot find that failure to object to the admission of relevant evidence prejudiced Defendant. Even if defense counsel would have objected, there would not have existed a reasonable probability that the outcome of Defendant's trial would have been different. As we mentioned above, the overwhelming majority of the evidence points to Defendant's guilt. We cannot find that Defendant was prejudiced by his trial counsel's failure to object to the introduction of a relevant piece of evidence. Defendant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The Defendant was denied a fair trial due to prosecutorial misconduct."
 {¶ 22} In his fourth and final assignment of error, Defendant argues that he was denied a fair trial due to prosecutorial misconduct. We disagree.
 {¶ 23} In deciding whether a prosecutor's conduct rises to the level of prosecutorial misconduct, an appellate court determines if the prosecutor's actions were improper, and, if so, whether the substantial rights of the defendant were actually prejudiced. State v. Smith (1984),14 Ohio St.3d 13, 14. The defendant must show that there is a reasonable probability that but for the prosecutor's misconduct, the result of the proceeding would have been different. State v. Loza (1994),71 Ohio St.3d 61, 78-79.
 {¶ 24} In light of the above findings that the verdict was supported by sufficient evidence, that Defendant's conviction was not against the manifest weight of the evidence, and that Defendant was not denied the effective assistance of counsel, we find that Defendant has not met his burden of showing that the result of the proceeding would have been different had the complained of comments not been made. In this case, the entire criminal act was caught on videotape. In light of such persuasive evidence showing Defendant repeatedly punching the victim, we cannot say that the outcome of Defendant's trial would have been different had the complained of comments not been made. We find Defendant's fourth assignment of error not well taken.
 {¶ 25} We overrule Defendant's five assignments of error and affirm his conviction.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Carr, J., Concur.