**CITY OF CLEVELAND, Appellee,**

v.

**PUGH, Appellant.**

[Cite as *Cleveland v. Pugh* (1996), 110 Ohio App.3d 472.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69194.

Decided April 22, 1996.

*Carolyn Watts–Allen* and *Pinkey S. Carr,* Assistant Prosecuting Attorneys, for appellee.

*Cleveland Legal Aid Society* and *Keevin J. Berman,* for appellant.

PATRICIA ANN BLACKMON, Judge.

Public indecency is a sex offense in Ohio, *noscitur a sociis.* The question before us is whether the Ohio General Assembly intended to make sex offenders out of individuals who urinate alfresco, even if they take precautions to avoid discovery. In this case, defendant-appellant, Charles Pugh, appeals his conviction for public indecency and assigns the following errors for our review:

"I. The court erred in convicting Pugh of indecent exposure under Cleveland Municipal Code Section 619.07 (Ohio Revised Code Section 2907.09) because this Code section does not apply to the activity the defendant was arrested for.

"II. The court erred when convicting Pugh of public indecency when the evidence presented during the trial clearly established that Pugh did not act recklessly.

"III. The court erred when finding the defendant guilty of public indecency because the defendant's conduct was not likely to be seen by a passerby and his conduct did not affront the only witness."

Having reviewed the record of the proceedings and the legal arguments presented by the parties, we reverse the decision of the trial court. The apposite facts follow.

On April 24, 1995 at approximately 9:20 p.m., Cleveland Police Officers David A. Reuse and Jeffrey Ryan were on patrol in the area of Bridge and West 26th Streets. As they travelled south on West 26th Street, they observed Charles Pugh standing next to his parked car near the sidewalk and an open field. Because of "the way he was standing," the police officers could tell that he was urinating. As they approached, they saw Pugh urinating on the ground with his "private parts" exposed.

Since 1965, when he was in the military and had surgery on his penis, he has had a urinary problem. Consequently, at times he has difficulty with bladder

control. Pugh admitted that he was urinating in a public place, but maintained that he had to go and could not wait until he got up to his apartment.

Pugh was charged with public indecency under Cleveland Codified Ordinances 619.07(a)(1). The case proceeded to a bench trial. Pugh was found guilty and fined $50 and costs.

In his first assignment of error, Pugh argues that the trial court erred in finding him guilty of public indecency because Cleveland Codified Ordinances 619.07 does not apply to the conduct for which he was arrested. Thus, the issue in this assignment of error is whether, as a matter of law, "answering an urgent call of nature alfresco" by urinating in public constitutes sufficient evidence of public indecency under Cleveland Codified Ordinances 619.07.

■ The test for sufficiency of the evidence is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573. Cleveland Codified Ordinances 619.07 provides: "(a) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household: (1) Expose his or her private parts * * *."

■ The rules of construction for ordinances and statutes which define offenses are the same. *Vermilion v. Stevenson* (1982), 7 Ohio App.3d 170, 7 OBR 215, 454 N.E.2d 965. Ordinances defining offenses or penalties shall be strictly construed against the city and liberally construed in favor of the accused. Cleveland Codified Ordinances 601.04. See, also, R.C. 2901.04. Cleveland Codified Ordinances 619.07 adopted the same language as the public indecency statute enacted by the General Assembly, R.C. 2907.09. Under R.C. 2907.09, the Legislative Service Commission Comment to H.B. No. 511 notes as follows:

"The gist of this section is to prohibit sexual exposures or actual or simulated sexual displays, when done under circumstances in which such exposures or displays are likely to be seen by and offend person not members of the offender's household.

" * * * Answering an urgent call of nature alfresco would not be an offense if the actor takes reasonable precautions against discovery, although if he or she is imprudent in choosing a site the act might constitute disorderly conduct under new section 2917.11(A)(5). * * * "

■ The comment to R.C. 2907.09 creates an exception to public indecency for a person who exposes his or her private parts when done for the purpose of "answering an urgent call of nature." However, it states, if a person is

imprudent in choosing a site, at most, the act "might" constitute disorderly conduct. The offense of public indecency was clearly enacted to punish "sexual exposures," not to punish a person for answering an urgent call of nature. Construing the offense of public indecency strictly against the city and liberally in favor of Pugh, we find as a matter of law that merely "answering an urgent call of nature alfresco" by urinating in public does not constitute public indecency and is not a violation of Cleveland Codified Ordinances 619.07.

In this case, the pertinent facts are not in dispute: Pugh was observed urinating with his private parts exposed in public beside his parked car next to an open field. Although Pugh was imprudent in choosing the place where he urinated, his actions did not provide sufficient evidence of public indecency. Accordingly, the trial court's judgment is reversed.

Because the first assignment of error is dispositive of this case, Pugh's second and third assignments of error are moot.

*Judgment reversed.*

SPELLACY, C.J., and KARPINSKI, J., concur.