[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by defendant-appellant Javier Armengau from a judgment of the Marion Municipal Court.
On December 14, 1996, Appellant was observed urinating in public by Marion County Sheriff's Deputy. Appellant was charged with one count of indecent exposure which was later dropped and a charge of disorderly conduct, a violation of R.C. 2917.11(A)(5), was filed. On November 5, 1997, a trial was held and Appellant was found guilty. Appellant was sentenced to a fine of $50 plus court costs.
Appellant raises the following assignment of error.
 Appellant's conviction for disorderly conduct was not supported by sufficient evidence and was, in fact, against the manifest weight of the evidence. The trial court erred in denying Appellant's motion for acquittal pursuant to [Crim.R 29].
When reviewing a criminal conviction, the court's examination of the record is limited to determining if evidence was presented, which, if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274.
Appellant was charged with disorderly conduct. Thus, the State was required to prove beyond a reasonable doubt that Appellant 1) recklessly 2) caused inconvenience, annoyance or alarm to another by 3) creating a physically offensive condition or a condition that presents a risk of physical harm to others by acts serving no lawful reasonable purpose. R.C. 2917.11(A)(5). "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22. "Answering an urgent call of nature alfresco would not be an offense if the actor takes reasonable precautions against discovery, although if he or she is imprudent in choosing a site the act might constitute disorderly conduct under [R.C. 2917.11(A)(5)]." City of Cleveland v. Pugh
(1996), 110 Ohio App.3d 472, 674 N.E.2d 759.
Here, the arresting officer testified that Appellant's actions were occurring after 1:00 a.m. approximately 83 feet from the entranceway of the bar. However, Appellant was blocked from view of the doorway by a wooden fence. Appellant was standing between the fence and a parked car with his long coat hanging down around him. He said he chose the most deserted place available to him under the circumstances. The location chosen was a dark portion of the lot out of sight of the bar entrance. The officer testified that the only reason he noticed what Appellant was doing was because he aimed his high beams and his spotlight at Appellant. These lighting devices permitted the officer to see more than any casual passerby would have an opportunity to observe. In addition, Appellant gave uncontroverted testimony that the situation was an emergency and that the line for the restroom inside the bar was so long that Appellant would have had to wait at least ten minutes to use that facility. The only other testimony in the record as to the length of the line for the men's room supports this estimate. Appellant also provided uncontested medical evidence showing that he was being treated for a medical condition that created frequent urgent needs to urinate.
The evidence in the record is insufficient to support a finding that Appellant was perversely indifferent to the consequences of his actions. Thus, Appellant cannot be found to have chosen an imprudent site that would constitute his actions as disorderly conduct. Therefore the first assignment of error is sustained.
The judgment of the Marion Municipal Court is reversed and remanded for entry of judgment dismissing the charge.
Judgment reversed and cause remanded.
 SHAW, P.J., and EVANS, J., concur.