CITY OF COLUMBUS, Appellant,

v.

BREER, Appellee.

[Cite as *Columbus v. Breer,* 152 Ohio App.3d 701, 2003-Ohio-2479.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–952.

Decided May 15, 2003.

Richard C. Pfeiffer Jr., City Attorney, Lara N. Baker and Heather Keck, Assistant City Attorneys, for appellant.

Vorys, Sater, Seymour & Pease, Kevin Conners and Scott Kossoudji, for appellee.

LAZARUS, Judge.

{¶ 1} Plaintiff-appellant, city of Columbus, appeals from the August 29, 2002 entry of the Franklin County Municipal Court granting defendant-appellee Albert

Breer's motion to dismiss. For the following reasons, we agree with the city of Columbus and reverse and remand the decision of the trial court.

{¶ 2} On April 21, 2002, appellee was attending a party at 109 Chittenden Avenue in Columbus, Ohio. Appellee walked to the side of the house and proceeded to urinate. Appellee's actions were observed by police officers. Appellee was charged with violating Columbus City Code ("C.C.") Section 2307.09, which constitutes the crime of public indecency, a misdemeanor of the fourth degree. Specifically, the complaint alleged that appellee:

{¶ 3} "[O]n or about the 21st day of April, 2002 did: recklessly expose his private parts, to wit: had his penis in his right hand with pants unzipped, under circumstances in which his conduct was likely to be viewed by and affront others, not members of his household, to wit: urinating on a wall of the porch at 109 Chittenden Ave in front of several police officers and several citizens standing around within 10–20 feet of himself."

{¶ 4} On May 21, 2002, appellee entered a not guilty plea. The matter was set for a jury trial to commence on August 13, 2002. On July 15, 2002, appellee filed a motion to dismiss, citing *Cleveland v. Pugh* (1996), 110 Ohio App.3d 472, 674 N.E.2d 759, for the proposition that appellee was "answering an urgent call of nature" and that his poor choice of location to urinate did not rise to the level of public indecency. On July 29, 2002, the city of Columbus filed a memorandum contra.

{¶ 5} On August 13, 2002, both parties argued the pending motion to dismiss. The trial court granted appellee's motion based on the facts and legal argument presented by defense counsel. It is from this entry that the city of Columbus appeals, assigning the following as error:

{¶ 6} "The trial court erred as a matter of law when it sustained the appellee's motion to dismiss the charge of public indecency based on an erroneous interpretation of the statute whereby the court concluded that the facts alleged in the complaint could not constitute the crime charged."

{¶ 7} In its sole assignment of error, the city of Columbus alleges that the facts of the complaint were sufficient to charge appellee with violating C.C. 2307.09, which provides:

{¶ 8} "(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:

{¶ 9} "(1) Expose his or her private parts, or engage in masturbation;

{¶ 10} "(2) Engage in sexual conduct;

{¶ 11} "(3) Engage in conduct which to an ordinary observer would appear to be sexual conduct or masturbation."

{¶ 12} The interpretation of a statute is a question of law, which is subject to de novo review. *Neiman v. Donofrio* (1992), 86 Ohio App.3d 1, 3, 619 N.E.2d 1117. "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. To determine the legislative intent, a court must look to the language of the statute. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 104, 65 O.O.2d 296, 304 N.E.2d 378. If the trial court's inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly. *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413. Words used in a statute are to be taken in their usual, normal, and customary meaning. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049. Further, unless a statute is ambiguous, the court must give effect to the plain meaning of a statute. Id. When a court must interpret a criminal statute, which defines offenses or penalties, the language should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A); *State v. Hill* (1994), 70 Ohio St.3d 25, 31, 635 N.E.2d 1248. However, a court's interpretation should not be unduly technical, arbitrary, severe, artificial, or narrow. *State v. Brown* (App.1960), 85 Ohio Law Abs. 85, 170 N.E.2d 854. The duty of the trial court is to give effect to the words used in the statute, not to delete words or insert words that are not used. *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222, quoting *Columbus–Suburban Coach Lines v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8.

{¶ 13} In this case, the trial court held that the act of urination in a public place does not constitute public indecency. However, construing the offense of public indecency strictly against the city of Columbus and liberally in favor of appellee, we find as a matter of law that urinating in public may constitute public indecency and may be a violation of C.C. 2307.09. The statute is unambiguous and definite in language. The legislative intent of the statute prohibits the reckless exposure of private parts in which the conduct would likely be viewed by and affront others. Appellee was observed holding his penis in his right hand and urinating outdoors within 10–20 feet of police officers and citizens. Appellee took no reasonable precautions against discovery or to assure privacy. Nor did appellee argue that his conduct was in response to an urgent physical need.

{¶ 14} In *Pugh,* the defendant, while serving in the military, had surgery on his penis. Ever since the procedure, he suffered urinary problems and, at times, it became difficult for him to control his bladder. He admitted to urinating in a

public place because he was unable to control his bladder and wait until he arrived at his apartment. The Eighth District considered "answering an urgent call of nature" to be outside the scope of the Cleveland public indecency statute because Pugh's conduct was not sexual in nature. *Pugh,* 110 Ohio App.3d at 475, 674 N.E.2d 759. We read C.C. 2307.09(A) differently. The facts, as alleged in the complaint, are undisputed: appellee recklessly exposed his private parts, which exposure was viewed by and an affront to others. The charge in the complaint tracks the language of C.C. 2307.09(A). Taking the usual, normal, and customary meaning of the words in C.C. 2307.09(A), appellee's conduct constituted public indecency. There is nothing in the record before us that suggests that appellee was merely "answering an urgent call of nature" by urinating on the side of the house. As such, the trial court erred in sustaining appellee's motion to dismiss the public indecency charge by not applying the plain meaning of the statute. Accordingly, the city of Columbus' argument has merit and is well taken.

{¶ 15} For the foregoing reasons, the city of Columbus' sole assignment of error is sustained, and the judgment of the Franklin County Municipal Court is reversed and remanded reinstating the matter for trial.

Judgment reversed<br>and cause remanded.

PEGGY BRYANT and TYACK, JJ., concur.