DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Star Beauty Supply, Inc., appeals the July 17, and November 6, 2006 decisions of the Lucas County Court of Common Pleas which, respectively, denied its motion to dismiss and granted appellee Ohio Optical Dispensers Board's motion for summary judgment. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} The relevant facts are as follows. On March 31, 2006, Ohio Optical Dispensers Board ("the Board") filed a complaint for a preliminary and permanent injunction against appellant Star Beauty Supply, Inc. The complaint alleged that Star Beauty violated R.C.4725.40(A) by dispensing zero-powered or plano (cosmetic) contact lenses without a prescription. The complaint requested that Star Beauty be enjoined from selling the contact lenses. By motion, the Board also requested a temporary restraining order; following a hearing on April 12, 2006, the motion was granted.
 {¶ 3} On April 14, 2006, Star Beauty filed a Civ.R. 12(B)(6) motion to dismiss arguing that R.C. 4725.40(A) applies only to contact lenses prescribed to correct human vision. In opposition, the Board argued that it has jurisdiction over all contact lenses and that all contact lenses are prescribed to correct vision.
 {¶ 4} On July 17, 2006, the trial court denied the motion. The court found that zero-powered contact lenses are contact lenses and, according to R.C. 4725.40(A), may only be dispensed with a written prescription. In reaching its conclusion, the court looked to the statutory construction rules. Thereafter, on November 6, 2006, summary judgment was granted in favor of the Board. This appeal followed.
 {¶ 5} Appellant now raises the following assignment of error:
 {¶ 6} "1. The trial court erred when it denied Star Beauty's motion to dismiss."
 {¶ 7} Appellant's sole assignment of error consists of two components. First, appellant contends that the Board's authority does not extend to the regulation of zero-powered contact lenses. Second, that appellant did not dispense contact lenses as prohibited under R.C. 4725.40(B); rather, it merely transacted a sale. *Page 3 
 {¶ 8} R.C. 4725.44(A) provides that "[t]he Ohio optical dispensers board shall be responsible for the administration of sections 4725.40 to4725.59 of the Revised Code * * * "The disposition of the case rests on the interpretation of R.C. 4725.40(A) and (B), which provide:
 {¶ 9} "(A) Optical aid means an instrument or device prescribed by a physician or optometrist licensed by any state to correct human vision, including spectacles, eyeglasses, contact lenses, and accessories. Contact lenses shall be dispensed only in accordance with a written prescription designated for contact lenses."
 {¶ 10} "(B) Optical dispensing means interpreting but not altering a prescription of a licensed physician or optometrist and designing, adapting, fitting, or replacing the prescribed optical aids, pursuant to such prescription, to or for the intended wearer; duplicating lenses, other than contact lenses, accurately as to power without a prescription; and duplicating nonprescription eyewear and parts of eyewear. Optical dispensing does not include selecting frames, transacting a sale, transferring an optical aid to the wearer after an optician has completed fitting it, or providing instruction in the general care and use of an optical aid, including placement, removal, hygiene, or cleaning."
 {¶ 11} The interpretation of a statute is a question of law subject to de novo review. (Citation omitted.) Columbus v. Breer,152 Ohio App.3d 701, 2003-Ohio-2479, ¶ 12. The main objective in construing a statute is to determine legislative intent. Featzka v. Millcraft Paper Co. (1980),62 Ohio St.2d 245, 247. To determine the *Page 4 
legislative intent, a court must look to the language of the statute.Provident Bank v. Wood (1973), 36 Ohio St.2d 101, 105. Words used in a statute are to be taken in their usual, normal, and customary meaning.State ex rel. Pennington v. Gundler, 75 Ohio St.3d 171, 173,1996-Ohio-161, citing R.C. 1.42.
 {¶ 12} Appellant contends that the statute is ambiguous based upon the first sentence of R.C. 4725.40(A), which defines "optical aid" as a device prescribed to correct human vision. Appellant argues that it is unclear whether the second sentence applies to all contact lenses or only those prescribed to correct human vision. The Board contends that the statute is clear on its face and requires no interpretation; that "[c]ontact lenses shall be dispensed only in accordance with a written prescription" simply means what it says.
 {¶ 13} Upon careful review of the statute itself and the statutory construction rules, we must conclude that R.C. 4725.40(A) requires all contact lenses to be dispensed only with a written prescription. Driving our determination is "the long-accepted principle that considerable deference should be accorded to an agency's interpretation of rules the agency is required to administer." State ex rel. Celebrezze v. Natl.Lime Stone Co. (1994), 68 Ohio St.3d 377, 382. Made a part of the trial record below is the affidavit of Susan Benes, M.D. Dr. Benes states that she is a member of the Board and that "[t]he Board interprets R.C. 4725.40(A) as all contact lenses, regardless of powered, plano or cosmetic lenses, must be dispensed pursuant to prescription." Dr. Benes explains that "[t]here is no difference in the physical effect of a lens plano or powered on the cornea. *Page 5 
All lenses require professional and proper patient screening, fitting, education, and follow up." Dr. Benes further states that plano lenses alter vision by the fact that they come into contact with the cornea; when the contact occurs the tear layers are altered as is the oxygen level. Finally, Dr. Benes explains that plano lenses are sometimes prescribed following eye surgery and are used by patients who have lost sensation to the eye.
 {¶ 14} Alternatively, appellant argues that if, in fact, the Board had the authority to regulate the zero-powered contact lenses the Board still lacked authority to regulate appellant's sale of the lenses. Plainly stated, appellant argued that its sale of the lenses was not "dispensing" as is prohibited under R.C. 4725.40(A) and (B).
 {¶ 15} R.C. 4725.40(B) defines "optical dispensing" as interpreting a prescription of a licensed physician or optometrist and "designing, adapting, fitting, or replacing the prescribed optical aids." The definition of dispensing does not include "transacting a sale." The Ohio Attorney General has interpreted the term "dispensing" to include: "reviewing a patient's prescription for replacement contact lenses and selecting from inventory * * *." 2002 Ohio Atty.Gen.Ops. No. 2-221. The opinion further clarified that transacting a sale is simply the act of exchanging the contact lenses for an agreed sum of money.
 {¶ 16} In the present case, we must find that appellant dispensed contact lenses without a written prescription. The phrase "transacting a sale" as is used in the statute and interpreted by the Ohio Attorney General is merely the end step in the process of obtaining contact lenses pursuant to a prescription. Appellant's argument that it was *Page 6 
merely transacting a sale is a thinly veiled attempt to circumvent the requirements set forth by the Board.
 {¶ 17} Based on the foregoing, we find that the trial court did not err when it denied appellant's motion to dismiss and granted the Board's motion for summary judgment. Appellant's assignment of error is not well-taken.
 {¶ 18} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., Concur. *Page 1